## In re Northwestern Trust Company.

*E. Clarence Loeb,* for petitioners; *Edwin M. Abbott,* for respondent.

FINLETTER, P. J., January 18, 1932.—The petitioner is a receiver appointed by the United States district court, in equity proceedings involving a certain railway company. He took possession of the assets of the company. Among them were moneys which he deposited to his credit as receiver in the Northwestern Trust Company. The trust company has passed into the hands of the Secretary of Banking under the provisions of the Banking Act of 1923 and its supplements.

The receiver now files a petition praying for immediate payment of the full amount of the deposit by the secretary to him, in advance of the filing of the secretary's account, and of its audit and the consequent distribution of the funds. The theory upon which the prayer is based is that the United States is a preferred creditor with respect to debts due to it, and is entitled to imme-

diate payment of its claim on the further theory that the trust company was and is a trustee with respect to the receiver's deposit, and as such trustee must, under section forty of the Act of 1923, transfer the corpus of the trust estate to a new trustee.

The secretary has not yet filed his account, so that at this stage of the proceedings, and under the form in which the receiver's claim is asserted, the other depositors and creditors are given no opportunity to be heard against the proposal to deplete the fund of which they are the equitable owners.

In our opinion, the trust company cannot be regarded as such a trustee as is referred to in section forty of the act. The petitioner's deposit has not been kept apart as a trust fund by the trust company, but is mingled with its other assets. If the petitioner's position is correct, the best that can be said in his favor is that the trust company is a trustee *ex maleficio* of the funds of the supposed trust, and, therefore, he is not entitled to immediate distribution under section forty, but must await the audit of the account. In our opinion, the trust company was never a trustee of any kind for the receiver or his *cestuis que trustent* of the fund. The terms and relations upon which it received the deposit were those of a bank and depositor.

If the money is really the money of the United States, and if the claim is for money due the United States, it is nevertheless due only as a debt to the United States and not as a trust fund held by the trust company in trust for the receiver or for the creditors of the company for which he is receiver. It is to be presented, therefore, and heard at the time when all claims are to be disposed of, that is, at the audit of the account, and not on a preliminary petition presented under section forty.

But on the merits of the claim, it is clear, in our opinion, that the deposit is not a debt due the United States Government, but is money due to the receiver as trustee for the creditors of the company. The funds in the hands of a receiver are a trust fund for the benefit of the creditors of the company, and they are its equitable owners in the ratable proportions of their claims.

The Treasury of the United States is not in any way affected by the payment or nonpayment of the deposit. The fund was never at any time money of the United States, nor will the United States ever be entitled to any of it. It is thus without the reason for the preference of claims of the Government over private claims.

Nor is the claim of the receiver strengthened by the fact that he is an agent of the United States. In fact, he is not. He is the receiver of the court that appointed him, not to hold moneys of the United States, but to hold and administer funds of private persons, creditors of a private corporation.

The money that he receives he is personally accountable for, not to the Government, but to his *cestuis que trustent*, the creditors. It happens that the proceedings in which he became receiver are brought in a court of the United States. This was not because the United States had any ownership in the fund, but for some reason which gave the litigants the right to resort to this court instead of to a state court. The United States has no more interest or ownership in the creditors' funds in the hands of the receiver than a state would have if there had been no diversity of citizenship and the case had been brought in a state court. It could as well be argued that the state owned a fund in the sheriff's hands as a result of an execution.

The cases which involve appropriations by the United States Government for distribution by its Indian Tribes Agents to the wards of the Government are not analogous. Such money remains the property of the Government, in the hands of its own agents, until payment is made to the individual Indians.

The petition is dismissed for both the reasons we have given.